EDA

FILED
FEBRUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1143

JUDGE GOTTSCHALL
MAGISTRATE JUDGE COLE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MELANIE STACEL,

    Plaintiff,

v.

TEVA PHARMACEUTICALS USA, INC.,
TEVA PHARMACEUTICAL INDUSTRIES LTD.,
WALGREEN CO. d/b/a WALGREENS

    Defendants.

Case No. _____

Removed from the Circuit Court
of Cook County, Case No. 07 L 8112

## NOTICE OF REMOVAL

Defendant Teva Pharmaceuticals USA, Inc. ("Teva"), by its attorneys, hereby removes the above-captioned action, Case No. 07 L 8112, currently pending in the Circuit Court of Cook County of Illinois, to the United States District Court for the Northern District of Illinois. The grounds for removal are as follows:

1.     A civil action was commenced on August 2, 2007 and is now pending in the Circuit Court of Cook County of Illinois, as Case No. 07 L 8112, in which Melanie Stacel is the Plaintiff and Teva is one of the Defendants.

2.     28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the Unites States for the district and division embracing the place where such action is pending."

LIBNY/4705569.1

3. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action by reason of diversity of citizenship and an amount in controversy that exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interests and costs.

4. Upon information and belief, Plaintiff is, and at the time the action was filed was, domiciled in the State of Illinois. As such, Plaintiff is a citizen of the State of Illinois for diversity purposes pursuant to 28 U.S.C. § 1332.

5. Defendant Teva is, and at the time this action was filed was, a corporation duly organized under the laws of the State of Delaware, with its principal place of business located in North Wales, Pennsylvania. As such, Teva is a citizen of the State of Delaware and of the State of Pennsylvania for diversity purposes pursuant to 28 U.S.C. § 1332.

6. Upon information and belief, Defendant Teva Pharmaceutical Industries Ltd. ("Teva Industries") is, and at the time the action was filed was, a corporation duly organized under the laws of the Country of Israel, with its principal place of business located in the Country of Israel. As such, Teva Industries is a citizen of a foreign country for diversity purposes pursuant to 28 U.S.C. § 1332.

7. Upon information and belief, Defendant Walgreen Co. d/b/a Walgreens ("Walgreens") is, and at the time the action was filed was, a corporation duly organized under the laws of the State of Illinois, with its principal place of business located in the State of Illinois. As such, Walgreens is a citizen of the State of Illinois for diversity purposes pursuant to 28 U.S.C. § 1332.

8. At the time of filing of this action in the Circuit Court of Cook County of Illinois, there did not exist diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a)(1) because both Plaintiff and Defendant Walgreens are citizens of the State of Illinois.

LIBNY/4705569.1

9. On February 19, 2008, the Circuit Court of Cook County of Illinois entered the Agreed Order, appended hereto as part of Exhibit A, wherein Plaintiff voluntarily dismissed Defendant Walgreens from this case.

10. A case that is not initially removable due to the presence of a non-diverse party may subsequently become removable by the voluntary dismissal by the Plaintiff of the non-diverse party. *See* 28 U.S.C. § 1446(b); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992).

11. Accordingly, following the Plaintiff's voluntary dismissal of the non-diverse Defendant Walgreens, there now exists diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of a different state from the remaining Defendants Teva and Teva Industries.

12. In her Prayer for Relief, Plaintiff prays for compensatory and general damages in excess of $100,000 plus costs. (Complaint p. 9). Further, Plaintiff alleges that she "was diagnosed with drug-induced lupus" and that she "suffered great pain, physical impairment, mental pain and anguish, losses to her personal property and possessions, and fear of death." (Complaint ¶¶ 12, 15). Accordingly, although Teva disputes these allegations, upon information and belief, the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

13. This Notice of Removal is being filed within thirty (30) days after receipt by Teva of the Agreed Order dismissing Walgreens and within one year of the commencement of this action. This removal is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

14. Upon information and belief, Defendant Teva Industries has not yet been served and, consequently, its consent to removal of this action is not required. *See Davis v. Averitt Express, Inc.*, 2006 WL 3883322 (N.D. Ill. 2006).

15. Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the district court of the United States for the district and division within which the original state action is pending.

16. Appended hereto as Exhibit A is a copy of all process, pleadings, and orders served upon Teva in the Circuit Court of Cook County of Illinois. *See* 28 U.S.C. § 1446(a).

17. Appended hereto as Exhibit B is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiff's counsel and filed with the Clerk of the Circuit Court of Cook County of Illinois pursuant to 28 U.S.C. § 1446(d).

18. Appended hereto as Exhibit C is a copy of the Notice of Filing of Notice of Removal, which will be promptly filed with the Clerk of Circuit Court of Cook County of Illinois pursuant to 28 U.S.C. § 1446(d).

19. Pursuant to § 1016 of the Judicial Improvements and Access to Justice Act of 1988 (the "Act"), no bond is required in connection with this Notice of Removal. Pursuant to § 1016 of the Act, this Notice need not be verified.

WHEREFORE, this action should proceed in the United States District Court for the Northern District of Illinois, as an action properly removed thereto.

Dated: February 25, 2008                    TEVA PHARMACEUTICALS USA, INC.

                                                         By:   /s/ Ameri R. Giannotti
                                                                  One of Its Attorneys

Glenn S. Kerner
Joanne Gray
Yuliya Gertsberg
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800 (Telephone)
(212) 355-3333 (Facsimile)
gkerner@goodwinprocter.com
jgray@goodwinprocter.com
ygertsberg@goodwinprocter.com

Pamela R. Hanebutt
Ameri R. Giannotti
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Avenue
Suite 1100
Chicago, IL  60604
(312) 660-7600 (Telephone)
(312) 692-1718 (Facsimile)
phanebutt@eimerstahl.com
agiannotti@eimerstahl.com

*Attorneys for Defendant
Teva Pharmaceuticals USA, Inc.*

## CERTIFICATE OF SERVICE

I, Ameri R. Giannotti, an attorney, hereby certify I caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be served upon all parties listed below by messenger on this 25th day of February, 2008.

Michael P. Cascino
Vaughan Cascino Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
Fax: (312) 944-1870


                                          /s/ Ameri R. Giannotti
                                            Ameri R. Giannotti