**08 C 1143**

# EXHIBIT A

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE COLE**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (          )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, __LAW__ DIVISION

(Name all parties)

Melanie Stacel

v.

Teva Pharmaceuticals USA, Inc., et al

No. __2007 L 008112__

Teva Pharmaceuticals USA, Inc.
c/o Corporate Creations Network, Inc. Reg Agt
3411 Silverside Road Rodney Bldg #104
Wilmington, DE 19810

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: __70633__
Name: __Michael P Cascino/Vaughan Cascino Law Offices__
Atty. for: __Plaintiff__
Address: __220 S. Ashland Ave.__
City/State/Zip: __Chicago, IL 60607__
Telephone: __(312) 944-0600__
Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, _____ 2007

_____
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Melanie Stacel<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Teva Pharmaceuticals USA, Inc.<br>Teva Pharmaceutical Industries LTD.<br>Walgreen Co. d/b/a Walgreens<br><br>　　　　Defendant. | COMPLAINT |

## COMPLAINT

Now comes the Plaintiff, Melanie Stancel, hereinafter "Plaintiff," by and through her attorney, Michael P. Cascino of VAUGHAN CASCINO LAW OFFICES, LTD., and complains of Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries LTD., and Walgreen Co. d/b/a Walgreens, as follows:

## JURISDICTION

1. Plaintiff is an adult citizen and resident of the State of Illinois.

2. Defendant Teva Pharmaceuticals USA, Inc., hereinafter referred to as "Teva Pharmaceuticals," is a corporation which is incorporated in the State of Deleware and has its principal place of business in North America, and at all time relevant to the allegations contained herein was engaged in the business of testing, designing, manafacturing and selling minocycline and/or minocycline-containing products, hereinafter referred to as "minocycline products."

3. Defendant Teva Pharmaceutical Industries LTD., hereinafter referred to as "Teva Industries," is a corporation which is incorporated in and has its principal place of business in the Country of Israel, and at all time relevant to the allegations contained herein was engaged in the business of testing, designing, manafacturing and selling minocycline and/or minocycline-containing products, hereinafter referred to as "minocycline products."

4.  Defendant Walgreen Co. d/b/a Walgreens, hereinafter referred to as "Walgreens," is a corporation which is incorporated in and has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein was engaged in the business of packaging and selling minocycline and/or minocycline-containing products, hereinafter referred to as "minocycline products."

5.  Plaintiff diagnosed with injury on August 25, 2005, and this complaint is properly brought within the applicable statute of limitations.

6.  Jurisdiction in Illinois is proper because:
    a.  All Defendants at relevant times were or are doing business within the State of Illinois and have established the necessary minimal contact within the State;
    b.  Plaintiff is a resident of the State of Illinois; and
    c.  Defendant Walgreens is incorporated in and has its principal place of business in the State of Illinois.

7.  Venue in Cook County is proper pursuant to 735 ILCS 5/2-101, because:
    a.  Plaintiff filled known minocycline prescriptions in Cook County; and
    b.  Defendant Walgreens has their principal places of business within the Cook County and the other Defendants do business within Cook County.

## GENERAL ALLEGATIONS

8.  Plaintiff was prescribed the drug minocycline for treatment of acute acne beginning July 9, 2004 in a 100 mg/day dosage.

9.  As part of her treatment, from July 2004 forward, Plaintiff regularly took prescription minocycline for acute acne.

10. Plaintiff purchased and consumed minocycline products which were sold, manufactured, distributed, packaged, or otherwise placed into commerce in the State of Illinois by Defendants.

11. Plaintiff was ignorant of the dangerous nature of minocycline and of the nature of the risks incurred by ingesting minocycline-containing products, including developing drug-induced lupus.

12. Plaintiff began taking minocycline in approximately July 2004. Subsequently, Plaintiff

was diagnosed with drug-induced lupus in September of 2005.

13. As a direct and proximate result of the wrongful acts and/or omissions of Defendants, Plaintiff developed and was diagnosed as having drug-induced lupus.

14. Plaintiff would not have ingested minocycline as described herein, or would have discontinued use, or would have used safer alternative methods, had Defendants disclosed the true health consequences, risks, and adverse events, including the increased incidence and risk of drug-induced lupus and other illnesses, caused by their drug.

15. Plaintiff has suffered great pain, physical impairment, mental pain and anguish, losses to her personal property and possessions, and fear of death.

## COUNT I
## NEGLIGENCE - VOLUNTARY UNDERTAKING

16. Plaintiff reasserts and re-alleges the above general allegations with respect to this claim.

17. Defendant Walgreens is liable under Section 324A, Restatement (Second) of Torts for negligent performance of a voluntary undertaking by Defendant. At the time that Plaintiff submitted and received prescription minocycline, Defendant Walgreens voluntarily undertook to offer Plaintiff information, including side effects associated with the product, thereby creating a duty to warn Plaintiff of all the side effects of the drug.

18. It was reasonably foreseeable that Plaintiff would rely on Defendant Walgreens for knowledge about the potential side effects because said Defendant voluntarily undertook to offer such information to Plaintiff to rely upon.

19. Defendant Walgreens was negligent because the Defendant:

    a. Failed to adequately warn Plaintiff and/or others of the health hazards concerned with ingestion of minocycline;

    b. Failed to recommend and/or provide proper cautions and warnings, to ensure Plaintiff's and/or other's safety;

    c. Failed to warn Plaintiff and/or others of the danger and harm from consumption of minocycline;

    d. Failed to instruct Plaintiff or others in the use of precautionary measures in relation to minocycline;

and had such alternatives been selected by Defendant Walgreens, it would have prevented or significantly reduced the likelihood of Plaintiff's injuries.

20. Defendant Walgreens failed to exercise reasonable care of service undertaken, and therefore is subject to liability of harm to Plaintiff.

21. As a direct and proximate result of the acts and omissions of the Defendant Walgreens, Plaintiff was injured as described above.

## COUNT II
## PRODUCTS LIABILITY - NEGLIGENCE

22. Plaintiff reasserts and re-alleges the above general allegations with respect to this claim.

23. It was reasonably foreseeable by Defendant Teva Pharmaceuticals that Plaintiff and other consumers would be ingesting Defendant's minocycline products.

24. Defendant Teva Pharmaceuticals participated in, authorized and directed the production and promotion of minocycline products when they knew, or with the exercise of reasonable care should have known, of the hazards and dangerous propensities of minocycline.

25. Defendant Teva Pharmaceuticals had a duty to exercise reasonable care for the safety of Plaintiff and others who were using Defendant's minocycline products.

26. Prior to, during, and after the time Defendant Teva Pharmaceuticals manufactured, produced, processed, packaged, designed, distributed, and/or shipped the minocycline products to which Plaintiff digested, Defendant knew, or in the exercise of ordinary or reasonable care ought to have known, that consumption of their minocycline products caused disease and/or death.

27. Notwithstanding the aforementioned duty, Defendant Teva Pharmaceuticals was negligent by one or more of the following acts or omissions in that Defendant:
    a. Failed to adequately warn Plaintiff and/or others of the health hazards concerned with ingestion of minocycline;
    b. Failed to recommend and/or provide proper cautions and warnings, to ensure Plaintiff's and/or other's safety;
    c. Failed to warn Plaintiff and/or others of the danger and harm from consumption of

        minocycline;

    d.    Failed to instruct Plaintiff or others in the use of precautionary measures in relation to minocycline

28. As a direct and proximate result of the acts and omissions of the Defendant Teva Pharmaceuticals, Plaintiff was injured as described above.

## COUNT III
### BREACH OF EXPRESS AND IMPLIED WARRANTY

29. The Plaintiff re-alleges and restates the foregoing allegations.

30. Defendant Teva Pharmaceuticals expressly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents and representatives, orally and in publications, package inserts and other written materials to the health care community, that minocycline was safe, effective, and proper for its intended use.

31. In using minocycline, Plaintiff relied on the skill, judgment, representations and express warranties of Defendant Teva Pharmaceuticals. These warranties proved false because the product was not safe and unfit for the uses for which it was intended.

32. At the time of the express warranties, Defendant Teva Pharmaceuticals had knowledge of the purpose for which minocycline was to be used and warranted it to be safe, effective, and proper for such purpose.

33. Defendant Teva Pharmaceuticals knew and had reason to know that minocycline did not conform to these express representations and that minocycline is neither safe or effective and carries the risk of serious side effects.

34. Defendant Teva Pharmaceuticals's actions as described were performed willfully, intentionally, and with reckless disregard for the rights of the Plaintiff.

35. As a direct and proximate result of Defendant Teva Pharmaceuticals's breach of warranty, Plaintiff was injured and suffered special and compensatory damages to be proven at trial.

## COUNT IV

## STRICT LIABILITY

36. Plaintiff re-alleges and restates the foregoing allegations.

37. Defendant Teva Pharmaceuticals is liable under Section 402A, Restatement (Second) of Torts for strict liability, for the defective design of minocycline. At the time of design, manufacture and sale, safer alternatives existed, including designs other than those actually used, and had such alternatives been selected by Defendant, it would have prevented or significantly reduced the likelihood of Plaintiff's injuries. Such designs were both economically and technically feasible at the time of the products left the possession of the Defendant and had they been used, would not have impaired the ability of the product.

38. Defendant Teva Pharmaceuticals failed to provide adequate warnings and instructions in the marketing of minocycline. Defendant failed to provide adequate instructions for the safe use of minocycline. Defendant's defectively marketed drug was a cause of the Plaintiff's injuries.

39. Defendant Teva Pharmaceuticals is also strictly liable for misrepresenting to Plaintiff that its product was safe and without defect, which statement was false and involved a material fact concerning the character of the product in question, upon which the consumer relied, producing Plaintiff's injuries.

## COUNT V
## PRODUCTS LIABILITY - NEGLIGENCE

40. Plaintiff reasserts and re-alleges the above general allegations with respect to this claim.

41. It was reasonably foreseeable by Defendant Teva Industries that Plaintiff and other consumers would be ingesting Defendant's minocycline products.

42. Defendant Teva Industries participated in, authorized and directed the production and promotion of minocycline products when they knew, or with the exercise of reasonable care should have known, of the hazards and dangerous propensities of minocycline.

43. Defendant Teva Industries has a duty to exercise reasonable care for the safety of Plaintiff and others who were using Defendant's minocycline products.

44. Prior to, during, and after the time Defendant Teva Industries manufactured, produced,

processed, packaged, designed, distributed, and/or shipped the minocycline products to which Plaintiff digested, Defendant knew, or in the exercise of ordinary or reasonable care ought to have known, that consumption of their minocycline products caused disease and/or death.

45. Notwithstanding the aforementioned duty, Defendant Teva Industries was negligent by one or more of the following acts or omissions in that Defendant:

   a. Failed to adequately warn Plaintiff and/or others of the health hazards concerned with ingestion of minocycline;

   b. Failed to recommend and/or provide proper cautions and warnings, to ensure Plaintiff's and/or other's safety;

   c. Failed to warn Plaintiff and/or others of the danger and harm from consumption of minocycline;

   d. Failed to instruct Plaintiff or others in the use of precautionary measures in relation to minocycline

46. As a direct and proximate result of the acts and omissions of the Defendant Teva Industries, Plaintiff was injured as described above.

## COUNT VI
## BREACH OF EXPRESS AND IMPLIED WARRANTY

47. The Plaintiff re-alleges and restates the foregoing allegations.

48. Defendant Teva Industries expressly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents and representatives, orally and in publications, package inserts and other written materials to the health care community, that minocycline was safe, effective, and proper for its intended use.

49. In using minocycline, Plaintiff relied on the skill, judgment, representations and express warranties of Defendant Teva Industries. These warranties proved false because the product was not safe and unfit for the uses for which it was intended.

50. At the time of the express warranties, Defendant Teva Industries had knowledge of the purpose for which minocycline was to be used and warranted it to be safe, effective, and proper for such purpose.

51. Defendant Teva Industries knew and had reason to know that minocycline did not conform to these express representations and that minocycline is neither safe or effective and carries the risk of serious side effects.
52. Defendant Teva Industries's actions as described were performed willfully, intentionally, and with reckless disregard for the rights of the Plaintiff.
53. As a direct and proximate result of Defendant Teva Industries's breaches of warranties, Plaintiff was injured and suffered special and compensatory damages to be proven at trial.

## COUNT VII
## STRICT LIABILITY

54. Plaintiff re-alleges and restates the foregoing allegations.
55. Defendant Teva Pharmaceuticals is liable under Section 402A, Restatement (Second) of Torts for strict liability, for the defective design of minocycline. At the time of design, manufacture and sale, safer alternatives existed, including designs other than those actually used, and had such alternatives been selected by Defendant, it would have prevented or significantly reduced the likelihood of Plaintiff's injuries. Such designs were both economically and technically feasible at the time of the products left the possession of the Defendant and had they been used, would not have impaired the ability of the product.
56. Defendant Teva Industries failed to provide adequate warnings and instructions in the marketing of minocycline. Defendant failed to provide adequate instructions for the safe use of minocycline. Defendant's defectively marketed drug was a cause of the Plaintiff's injuries.
57. Defendant Teva Industries is also strictly liable for misrepresenting to Plaintiff that its product was safe and without defect, which statement was false and involved a material fact concerning the character of the product in question, upon which the consumer relied, producing Plaintiff's injuries.

## COUNT VIII
## PUNITIVE DAMAGES

58. All Defendants herein, their agents, servants and employees acted maliciously, with willful and wanton disregard for the rights of Plaintiff and otherwise engaged in outrageous conduct toward the Plaintiff by failing to warn and/or producing, distributing and encouraging the use of minocycline products which all Defendants knew were certain to cause grave personal injury and/or death resulting in suffering and damages incurred by Plaintiff. Such conduct entitles Plaintiff to recover punitive damages from all Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows: judgement against Defendants, Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries LTD., and Walgreen Co. d/b/a Walgreens, for compensatory and general damages in excess of $100,000 plus costs.

Dated this 2nd Day of August, 2007

_____
One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
VAUGHAN CASCINO LAW OFFICES, LTD.
220 South Ashland Avenue
Chicago, Illinois 60607
312-944-0600
312-944-1870 fax

In the Circuit Court of Cook County, Illinois
Law Division Motion Call

3059-07089

Melanie Staiel

-Vs-

Teva et al

No. 07 L 8112

ENTERED
1-7-08

## BRIEFING SCHEDULE ORDER

This matter has come before the Court on the Motion(s) of

Walgreen Co.  for (to) Dismiss

The Court being advised hereby sets the following briefing schedule:

(4231) 1) MOVANT(S) Name _____ has ____ days

until _____ to file **BRIEF in SUPPORT**.

(4231) 2) RESPONDENT(S) Name Staiel has 28 days

thereafter until 2/1/08 to **RESPOND**.

(4231) 3) MOVANT(S) Name Walgreen Co. has 14 days

thereafter until 2/18/08 to **REPLY**.

(4217) 4) The **CLERK STATUS** on the **MOTION(S)** is set for 2/19/08
at 8:45 a.m in Court Room 2205 Chambers.

(4251) 5) **COURTESY COPIES** of all pleadings, motions, briefs, transcripts, or other documents are to be furnished by the **MOVANT/RESPONDENTS** at the **CLERK STATUS ONLY**.

_____ 6) The **HEARING DATE** on the Motion(S) is 2/27/08

at 11:15 a.m in **COURT ROOM** 2205.

_____ 7) OTHER _____

**NOTICE:** FAILURE TO PROVIDE COURTESY COPIES WILL RESULT IN HAVING SAID MOTION(s) OR HEARING DATES STRICKEN.

Atty.No: 06347
Name: Johnson & Bell Ltd
Atty.for: Walgreen Co.
Address: 33 W Monroe Ave
City: Chgo, IL
Telephone: 311 372 0770

ENTERED
JUDGE JAMES EGAN-1522
JAN 04 2008
DOROTHY BROWN
CIRCUIT COURT

ENTERED

JUDGE

Master Calendar Motion Courtrooms Case Management Order (6/10/04) CCL 0601

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Stacel
_____,
Plaintiff(s)

v.

Teva et al
_____,
Defendant(s)

Case No. 07 L 008112

Motion Call " X " Line #: 16

### MASTER CALENDAR MOTION COURTROOMS CASE MANAGEMENT ORDER
(Please check off all pertinent paragraphs and circle proper party name.)

(8230) ____ 1. Category #1 (18 Month Discovery)   (8232) X 1a. Category #2 (28 Month Discovery)
(4296) ____ 2. Written discovery & 213(f)(1) and (2) disclosures to be completed by _____
(4218) ____ 3. Oral Discovery & 213(f)(1) and (2) depositions to be completed by _____
(4218) ____ 4. Treating physicians depositions to be completed by _____
(4288) ____ 5. Subpoenas for treating physicians depositions to be issued by _____
(4296) ____ 6. _____ shall complete outstanding written discovery by _____
(4218) ____ 7. _____ shall be presented for deposition by _____
(4206) ____ 8. Plaintiff/Defendant/Add. Party shall answer 213 (f)(3) interrogatories by _____
(4218) ____ 9. Plaintiff's 213(f)(3) witnesses to be deposed by _____
(4218) ____ 10. Defendant's 213(f)(3) witnesses to be deposed by _____
(4218) ____ 11. Additional party's 213(f)(3) witnesses to be deposed by _____
(4619) X 12. The matter is continued for subsequent Case Management Conference on 2-27-08
at 11:15 AM/PM in Room 2205 for:
(A) ___ Proper Service   (B) ___ Appearance of Defendants   (C) ___ Case Value
(D) X Pleading Status   (E) ___ Discovery Status   (F) ___ Pre-Trial/Settlement
(G) X Other: Teva USA has until 2-25-08 to file appearance
and answer or otherwise plead

(4005) ____ 13. Case is dismissed for want of prosecution.(4040) ____ The case is voluntarily dismissed under 735 ILCS 5/2-1009.

**NOTICE:**
* Failure of any party to comply with this Case Management Order will be a basis for Rule 219(c) sanctions.
* Failure of any party to enforce this Case Management Order will constitute a waiver of such discovery by that party.
* All cases arriving on the Trial Call in Courtroom 2005 must have all discovery in Lines 2 through 11 completed.
* A copy of this order is to be sent to each party by his/her counsel within 10 (ten) days of the initial Case Management Date.

Atty. No.: _____
Name: Lascino Younshow
Atty. for: Plaintiff
Address: 220 S. Ashland
City/State/Zip: Chicago 60607
Telephone: 312-944-0100

JAN 17 2008

ENTERED:
_____
Judge    Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

#3059-07089          JAC/MCH/JSS          #06347

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Melanie Stacel, | ) |
|     Plaintiff, | ) |
| v. | )    No.: 07 L 8112 |
| | ) |
| Teva Pharmaceuticals USA, Inc., | ) |
| Teva Pharmaceutical Industries LTD. | ) |
| Walgreen Co. d/b/a Walgreens, | ) |
|     Defendants. | ) |

## AGREED ORDER

**THIS CAUSE** coming to be heard for Clerk's Status on Walgreen Co.'s Motion to Dismiss; the Court fully advised in the premises; Counsel for plaintiff advising the Court that plaintiff is dismissing Walgreen Co. from this lawsuit;

**IT IS HEREBY ORDERED:**

1. WALGREEN CO. is dismissed from this matter without prejudice and without costs pursuant to 735 ILCS 5/2-1009;

2. Plaintiff's case remains pending against the remaining defendants, Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries LTD.;

3. The hearing date of February 27, 2008, at 11:15 a.m. on Walgreen Co.'s Motion to Dismiss is stricken as being moot;

4. The next Case Management Conference is set for February 27, 2008, at 11:15 a.m., in Courtroom 2205.

February 19, 2008          JUDGE JAMES D. EGAN    FEB 1 9 2008

ENTER:

_____

JOHNSON & BELL, LTD.
Attorneys for WALGREEN CO.
33 West Monroe Street
Suite 2700
Chicago, IL 60603
Firm ID # 06347

#3059-07089 JAC/MCH/JSS #06347

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Melanie Stacel, ) | |
| Plaintiff, ) | |
| v. ) | No.: 07 L 8112 |
| ) | |
| Teva Pharmaceuticals USA, Inc., ) | |
| Teva Pharmaceutical Industries LTD. ) | |
| Walgreen Co. d/b/a Walgreens, ) | |
| Defendants. ) | |

## STIPULATION TO DISMISS

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff, Melanie Stacel, and Defendant, Walgreen Co., by their respective attorneys, that Plaintiff is dismissing her case against Walgreen Co. without prejudice and without costs.

**WHEREFORE**, Plaintiff, Melanie Stacel, and Defendant, Walgreen Co., pray that the Court enter an order dismissing Walgreen Co. without prejudice and without costs pursuant to 735 ILCS 5/2-1009.

_____
CASCINO VAUGHAN LAW OFFICES
Michael P. Cascino, Esq
Attorneys for Plaintiff

2/14, 2008

_____
JOHNSON & BELL, LTD.
Joshua S. Singewald, Esq.
Attorneys for Defendant

2/14, 2008

John A. Childers
Michael C. Holy
Joshua S. Singewald
JOHNSON & BELL, LTD.
Attorneys for WALGREEN CO.
33 West Monroe Street
Suite 2700
Chicago, IL  60603
Firm ID # 06347