IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Melanie Stacel<br><br>Plaintiff,<br><br>v.<br><br>Teva Pharmaceuticals USA, Inc.<br><br>Defendant. | FIRST AMENDED COMPLAINT<br><br><br>Case No. 08 C 1143<br>Honorable Joan Gottschall |

### FIRST AMENDED COMPLAINT

Now comes the Plaintiff, Melanie Stancel, hereinafter "Plaintiff," by and through her attorney, Michael P. Cascino and complains of Defendant, Teva Pharmaceuticals USA, Inc., as follows:

### JURISDICTION

1. Plaintiff is an adult citizen and resident of the State of Illinois.
2. Defendant Teva Pharmaceuticals USA, Inc., hereinafter referred to as "Teva Pharmaceuticals," is a corporation which is incorporated in the State of Deleware and has its principal place of business in North America, and at all time relevant to the allegations contained herein was engaged in the business of testing, designing, manufacturing and selling a drugs commonly known as minocycline and/or minocycline-containing products, hereinafter referred to as "minocycline products."
3. Plaintiff diagnosed with injury on August 25, 2005, and this complaint is properly brought within the applicable statute of limitations.
4. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.
5. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.
6. Venue is proper pursuant to Title 28, United States Code, §1391.
7. Plaintiff was prescribed the drug minocycline for treatment of acute acne beginning July

9, 2004 in a 100 mg/day dosage.

8. As part of her treatment, from July 2004 forward, Plaintiff regularly took prescription minocycline for acute acne.

9. Plaintiff purchased and consumed minocycline products which were sold, manufactured, distributed, packaged, or otherwise placed into commerce in the State of Illinois by defendant Teva Pharmaceuticals.

10. Plaintiff was ignorant of the dangerous nature of minocycline and of the nature of the risks incurred by ingesting minocycline-containing products, including developing drug-induced lupus.

11. While taking minocycline, plaintiff got the disease commonly known as lupus.

12. Plaintiff began taking minocycline in approximately July 2004. Subsequently, Plaintiff was diagnosed with drug-induced lupus in September of 2005.

13. As a direct and proximate result of the wrongful acts and/or omissions of Defendant, Plaintiff developed and was diagnosed as having drug-induced lupus.

14. Plaintiff would not have ingested minocycline as described herein, or would have discontinued use, or would have used safer alternative methods, had Defendant disclosed the true health consequences, risks, and adverse events, including the increased incidence and risk of drug-induced lupus and other illnesses, caused by their drug.

15. Plaintiff has suffered great pain, physical impairment, mental pain and anguish, losses to her personal property and possessions, and fear of death.

## COUNT I
## PRODUCTS LIABILITY - NEGLIGENCE

16. Plaintiff reasserts and re-alleges the above general allegations with respect to this claim.

17. It was reasonably foreseeable by Defendant Teva Pharmaceuticals that Plaintiff and other consumers would be ingesting Defendant's minocycline products.

18. Defendant Teva Pharmaceuticals participated in, authorized and directed the production and promotion of minocycline products when they knew, or with the exercise of reasonable care should have known, of the hazards and dangerous propensities of minocycline.

19. Defendant Teva Pharmaceuticals had a duty to exercise reasonable care for the safety of Plaintiff and others who were using Defendant's minocycline products.

20. Prior to, during, and after the time Defendant Teva Pharmaceuticals manufactured, produced, processed, packaged, designed, distributed, and/or shipped the minocycline products to which Plaintiff digested, Defendant knew, or in the exercise of ordinary or reasonable care ought to have known, that consumption of their minocycline products caused disease and/or death.

21. Notwithstanding the aforementioned duty, Defendant Teva Pharmaceuticals was negligent by one or more of the following acts or omissions in that Defendant:

   a. Failed to adequately warn Plaintiff and/or others of the health hazards concerned with ingestion of minocycline;

   b. Failed to recommend and/or provide proper cautions and warnings, to ensure Plaintiff's and/or other's safety;

   c. Failed to warn Plaintiff and/or others of the danger and harm from consumption of minocycline;

   d. Failed to instruct Plaintiff or others in the use of precautionary measures in relation to minocycline

22. As a direct and proximate result of the acts and omissions of the Defendant Teva Pharmaceuticals, Plaintiff was injured as described above.

## COUNT II
### BREACH OF EXPRESS AND IMPLIED WARRANTY

23. The Plaintiff re-alleges and restates the foregoing allegations.

24. Defendant Teva Pharmaceuticals expressly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents and representatives, orally and in publications, package inserts and other written materials to the health care community, that minocycline was safe, effective, and proper for its intended use.

25. In using minocycline, Plaintiff relied on the skill, judgment, representations and express

warranties of Defendant Teva Pharmaceuticals. These warranties proved false because the product was not safe and unfit for the uses for which it was intended.

26. At the time of the express warranties, Defendant Teva Pharmaceuticals had knowledge of the purpose for which minocycline was to be used and warranted it to be safe, effective, and proper for such purpose.

27. Defendant Teva Pharmaceuticals knew and had reason to know that minocycline did not conform to these express representations and that minocycline is neither safe or effective and carries the risk of serious side effects.

28. Defendant Teva Pharmaceuticals's actions as described were performed willfully, intentionally, and with reckless disregard for the rights of the Plaintiff.

29. As a direct and proximate result of Defendant Teva Pharmaceuticals's breach of warranty, Plaintiff was injured and suffered special and compensatory damages to be proven at trial.

## COUNT III
## STRICT LIABILITY

30. Plaintiff re-alleges and restates the foregoing allegations.

31. Defendant Teva Pharmaceuticals is liable under Section 402A, Restatement (Second) of Torts for strict liability, for the defective design of minocycline. At the time of design, manufacture and sale, safer alternatives existed, including designs other than those actually used, and had such alternatives been selected by Defendant, it would have prevented or significantly reduced the likelihood of Plaintiff's injuries. Such designs were both economically and technically feasible at the time of the products left the possession of the Defendant and had they been used, would not have impaired the ability of the product.

32. Defendant Teva Pharmaceuticals failed to provide adequate warnings and instructions in the marketing of minocycline. Defendant failed to provide adequate instructions for the safe use of minocycline. Defendant's defectively marketed drug was a cause of the Plaintiff's injuries.

33. Defendant Teva Pharmaceuticals is also strictly liable for misrepresenting to Plaintiff that

its product was safe and without defect, which statement was false and involved a material fact concerning the character of the product in question, upon which the consumer relied, producing Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows: judgement against Defendant, Teva Pharmaceuticals USA, Inc., for compensatory and general damages in excess of $100,000 plus costs.

Dated this 28th Day of February, 2008

s/ Michael P. Cascino

---

One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
VAUGHAN CASCINO LAW OFFICES, LTD.
220 South Ashland Avenue
Chicago, Illinois 60607
312-944-0600
312-944-1870 fax