IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MELANIE STACEL,   )<br>  )<br>         Plaintiff,   )<br>  )<br>v.   )<br>  )<br>TEVA PHARMACEUTICALS USA, INC.   )<br>  )<br>         Defendant.   )<br>  ) | Case No. 08-CV-1143<br><br>Judge Joan B. Gottschall<br>Magistrate Judge Jeffrey Cole |

### DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S
### MOTION TO STAY DISCOVERY

Defendant Teva Pharmaceuticals USA, Inc. ("Teva") respectfully moves this Court for an order staying all discovery pending resolution of Teva's Motion to Dismiss. The undersigned counsel certifies that Teva's counsel attempted to reach Plaintiff's counsel by telephone to seek agreement on this issue, but was unable to do so. In support of this motion, Teva states as follows:

### BACKGROUND

This is a products liability action for injuries allegedly suffered by Plaintiff Melanie Stacel ("Plaintiff") as a result of the use of the prescription pharmaceutical product minocycline hydrochloride ("minocycline"). Teva is one of several companies that manufactures a generic form of minocycline, a tetracycline antibiotic commonly prescribed to treat bacterial infections, including acne and other skin infections.

Plaintiff initially filed this action in Illinois state court. In February 2008, following dismissal of the only non-diverse defendant, Teva removed the case to the

Northern District of Illinois on the basis of diversity jurisdiction.[1] On March 28, 2008, Plaintiff sought leave to file her Second Amended Complaint, which was granted. The Second Amended Complaint names only Teva as a defendant and asserts causes of action for negligence (Count I), common law fraud and misrepresentation (Count II), and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count III), in addition to seeking punitive damages (Count IV).

Regardless of how Plaintiff frames her causes of action, the essence of each claim is Teva's alleged failure to warn of an increased incidence of drug-induced lupus allegedly associated with minocycline. Federal regulations, however, require that Teva's generic drug minocycline have the same labeling as its reference-listed drug, Minocin®, thus dictating the precise labeling required to appear on the product that Plaintiff allegedly ingested. As such, Teva cannot be held liable under state law for complying with mandatory federal statutory and regulatory law. Teva has therefore filed a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's claims are preempted by federal law. Teva has also moved to dismiss Plaintiff's claims sounding in fraud because they have not been plead with the requisite particularity. *See* Fed. R. Civ. P. 9(b). Teva's Motion to Dismiss involves purely legal issues and would dispose of all claims against Teva.

Plaintiff has already served Teva with various forms of discovery, which require a response in the near future. Plaintiff propounded Interrogatories and Requests for Production to Teva that require a response by May 5, 2008. Plaintiff also propounded Requests for Admission that require a response by May 16, 2008. As neither the pending

---

[1] In an Order dated April 2, 2008, this case was referred to this Court "for the purpose of holding proceedings related to discovery supervision."

2

discovery, nor any other discovery that might be propounded by Plaintiff, is pertinent to resolution of the pending Motion to Dismiss and said Motion would dispose of all claims against Teva, Teva requests that the Court stay all discovery (including that already served) so that Teva need not incur the unnecessary burden and expense of responding.

## ARGUMENT

The Court has broad discretion in matters relating to discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). This includes the "broad discretion and inherent power to stay discovery until the preliminary questions that may dispose of the case are determined." *Orlando Residence, Ltd. v. GP Credit Co., LLC*, No. 04-C-439, 2006 WL 2849866, at *7 (E.D. Wis. 2006) (citing *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003)).[2] *See also* Fed. R. Civ. P. 26(c) (discovery may be stayed "for good cause shown"). Where discovery is not necessary to resolve the purely legal issues raised in a motion to dismiss, courts grant stays of discovery "with substantial frequency" and "numerous cases in this circuit have allowed stays in the face of a Rule 12(b)(6) challenge." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (collecting cases).[3] *See also, e.g., Cataldo v. City of Chicago*, No. 01C6665, 2002 WL 91903, at *2 (N.D. Ill. Jan. 24, 2002)

---

[2] Copies of unpublished opinions may be found in Teva's Appendix of Unreported Authority, submitted with this Motion.

[3] Numerous courts in other jurisdictions also routinely stay discovery in these circumstances. *See, e.g., Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas*, 421 F.3d 314, 327 (5th Cir. 2005) (discovery properly stayed pending a summary judgment motion based on "purely legal questions"); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (discovery properly stayed pending hearing on motion to dismiss where Rule 12(b) motion did not raise factual issues that required discovery for their resolution); *Transunion Corp. v. PepsiCo., Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (protective order properly granted to prevent further discovery prior to decision on motion to dismiss); *Institut Pasteur v. Chiron*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." (citation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (good cause to stay discovery

3

(granting stay of discovery because requiring defendant to locate, copy and redact documents when the case could be dismissed would not be an efficient use of its resources); *Cooper v. Harris,* Nos. 98 C 1623, 1624, 1999 WL 261742, at *3 (N.D. Ill. Apr. 13, 1999) (stay of discovery imposed pending resolution of 12(b)(6) motion).

Requiring Teva to respond to discovery at this stage would serve no proper purpose and would cause it to incur unnecessary expenses at this stage of the litigation. Discovery is time-consuming and costly, and it is not justified where "the sole result . . . would be cost and inconvenience." *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993). Discovery at the present time in this dispute would lead to nothing other than cost and inconvenience to Teva. Teva's Motion to Dismiss Plaintiff's Second Amended Complaint is based on pure legal issues regarding federal preemption of Plaintiff's claims and Plaintiff's failure to plead her fraud claims with the requisite particularity. Plaintiff can learn nothing through discovery that bears on resolution of this motion. Yet Teva would be saddled with the burden and expense of discovery that will all be an unnecessary waste of time, effort and money should the Court grant its motion and entirely dispose of this action. There is no reason to require Teva to bear this burden at this stage. *See Martinez v. Wells Fargo Bank, N.A.*, No. C-06-03327, 2007 WL 2019591, at *2 (N.D. Cal. July 10, 2007) (finding discovery not warranted for the purpose of opposing defendant's motion to dismiss based on preemption). Avoidance of this unnecessary burden until resolution of a motion that could dispose of the case in its entirety constitutes good cause for granting a stay. *See, e.g., Orlando Residence*, 2006

---

exists where "resolution of a preliminary motion may dispose of the entire action" (citation omitted)), *aff'd*, 87 Fed. Appx. 713 (11th Cir. 2003); *Gandler v. Nazarov*, No. 94-CV-2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) ("It is well-settled that a district court has discretion to halt discovery pending its decision on a motion to dismiss.").

4

WL 2849866, at *7 (stay of discovery pending decision on summary judgment motion is appropriate to avoid discovery and associated costs where motion involves purely legal determinations); *Sprague*, 149 F.R.D. at 578 (staying discovery due to pending motion to dismiss that could dispose of case entirely where the sole result of discovery would be cost and inconvenience and an undue burden on the defendant's time and resources).

## CONCLUSION

For the foregoing reasons, Teva respectfully requests that the Court stay all discovery until a ruling has issued on Teva's Motion to Dismiss.

Dated: May 5, 2008               TEVA PHARMACEUTICALS USA, INC.


                                 /s/ Ameri R. Giannotti
                                 One of Its Attorneys

Glenn S. Kerner
Joanne Gray
Yuliya Gertsberg
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800 (Telephone)
(212) 355-3333 (Facsimile)
gkerner@goodwinprocter.com
jgray@goodwinprocter.com
ygertsberg@goodwinprocter.com

Pamela R. Hanebutt
Ameri R. Giannotti
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600 (Telephone)
(312) 692-1718 (Facsimile)
phanebutt@eimerstahl.com
agiannotti@eimerstahl.com

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

## CERTIFICATE OF SERVICE

      Ameri R. Giannotti, an attorney, certifies that on May 5, 2008 she electronically filed the foregoing NOTICE OF MOTION and DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S MOTION TO STAY DISCOVERY using the ECF system which will automatically send e-mail documentation of such filing to the parties listed below.

                                                        s/ Ameri R. Giannotti
                                                         Ameri R. Giannotti

Michael P. Cascino
Vaughan Cascino Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
mcascino@cvlo.com