IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Melanie Stacel<br><br>    Plaintiff,<br><br>    v.<br><br>Teva Pharmaceuticals USA, Inc.<br><br>    Defendant. | Case No. 08 C 1143<br>Honorable Joan Gottschall |

## MOTION TO AMEND BRIEFING SCHEDULE ON DEFENDANT'S MOTION TO DISMISS

**NOW COMES** the plaintiff, by one of her attorneys, MICHAEL P. CASCINO, and moves this Honorable Court to amend the briefing schedule set on the motion to dismiss filed by defendant Teva Pharmaceuticals USA, Inc. ("Teva"), to set plaintiff's response after Teva responds to plaintiff's outstanding discovery requests. Defendant Teva has moved to stay all discovery before the magistrate.

The defendant Teva's Rule 12(b)(6) motion is a fact dispute and should be heard as a Rule 56 motion after discovery is completed.

Teva's motion to dismiss alleges that plaintiff has failed to plead claims with particularity and that plaintiff's state law claims are pre-empted by federal law because Teva complied with federal law. It is a question of fact whether Teva complied with federal law. Plaintiff is unable to respond to the motion without Teva's response to plaintiff's outstanding discovery requests. Plaintiff's discovery will allow plaintiff to plead with more specificity and address the issue of whether Teva fully complied with federal law which is a necessary finding for Teva to prevail in this motion.

## FACTS

1. Plaintiff's complaint sets forth claims for negligence, common law fraud and misrepresentation, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, and punitive damages. (Exhibit "A").

2. Plaintiff has served defendant Teva with the following discovery in this case:

   a. Rule 34 Interrogatories and Request for Production (April 1, 2008) (Exhibit "B"); and

   b. Rule 36 Request to Admit ( March 5, 2008 ) (Exhibit "C").

3. On May 2, 2008, Teva filed a motion to dismiss. (Exhibit "D"). Plaintiff's response to the motion to dismiss is due June 5, 2008. (Exhibit "E").

4. On May 5, 2008, Teva filed a motion to stay discovery before Magistrate Jeffrey Cole. (Exhibit "F").

5. Plaintiff's response to the motion to stay discovery is due May 29, 2008, and Teva's reply is due on June 12, 2008.

6. Teva promised in its Rule 26(a)(1)(A) pleading to produce evidence that Teva complied with federal law. (Exhibit "G"). Plaintiff's counsel sent e-mails to Teva's counsel requesting the evidence, but Teva refuses to produce any evidence contrary to its offer in its Rule 26(a)(1)(A) pleading.

## ARGUMENT

Federal Rules of Procedure 12(b)(6) provides in pertinent part:

> **(6) failure to state a claim upon which relief can be granted**
>
> \*\*\*
>
> **If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.**

Teva's 12(b)(6) motion is really a motion for summary judgment and should be so treated because it is a factual dispute.

The Court must look at evidence outside the plaintiff's complaint because defendant Teva's motion assumes without facts that Teva followed all Food and Drug Administration requirements.

Teva's 12(b)(6) motion to dismiss asks the Court to assume that Teva has complied with the FDA's requirements with respect to the labeling of Teva's Minocycline product. Teva so states in its brief, but no evidence of compliance is presented. (III A 3, page 12 of Teva's motion to dismiss). (Exhibit "D").

Plaintiff's complaint alleges failure to comply with FDA regulations and Teva has not responded to plaintiff's discovery requests concerning facts relevant to its compliance. Teva alleges plaintiff's claims are preempted because Teva "lawfully complied with federal law and regulations" relating to requirements of FDA labeling. Without permitting discovery, there is no evidence that Teva complied with those regulations.

In addition, Teva's motion to dismiss alleges plaintiff has failed to plead sufficient facts

to sustain claims for fraud and misrepresentation as well as violations of the Illinois Consumer Fraud Act. Facts relevant to these pleadings are the subject of plaintiff's discovery requests to Teva. Dismissal for failure to plead fraud with specificity is improper where discovery would disclose facts which are particularly within the defendant's knowledge. See *Barr v. Hardiman*, 583 F. Supp. 1, 6 (N.D. Ill. 1982) (plaintiff should be given opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover identity or that complaint would be dismissed on other grounds) and *Eaby v. Richmond*, 561 F. Supp. 131, 137 (E.D. Pa. 1983).

Finally, defendant Teva is in violation of its Rule 26(a)(a)(A) pleading by failing to produce documents as offered in its pleading.

Plaintiff is unable to respond to the motion to dismiss without basic discovery that has been served on defendant Teva.

**WHEREFORE** plaintiff respectfully requests that this Honorable Court amend the briefing schedule set on Teva's motion to dismiss to set plaintiff's response after Teva responds to plaintiff's outstanding discovery requests.

          Respectfully submitted,

          By: _s/ Michael P. Cascino_
              One of Plaintiff's Attorneys

Michael P. Cascino
Vaughan Cascino Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)

## *Certificate of Service*

I hereby certify that on May 22, 2008, I electronically filed the foregoing with the Clerk of the U.S. District Court of the Northern District of Illinois using the CM/ECF system which sent notification of such filing to the following:

Ameri Rose Giannotti
agiannotti@eimerstahl.com,jlipinski@eimerstahl.com,fharvey@eimerstahl.com

Pamela Reasor Hanebutt
phanebutt@eimerstahl.com,erogers@eimerstahl.com,ssemens@eimerstahl.com

and I mailed copies by regular mail, postage prepaid to:

Glenn S. Kerner
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

                                                        s/ Michael P. Cascino