IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Melanie Stacel<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Teva Pharmaceuticals USA, Inc.<br><br>　　　　Defendant. | Case No. 08 C 1143<br>Honorable Joan Gottschall |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO STAY DISCOVERY**

　　Plaintiff respectfully requests that this court deny defendant Teva's Motion to Stay Discovery, as plaintiff is entitled to discovery in order to respond to defendant's Motion to Dismiss.

　　Teva's Motion to Dismiss cites F.R.C.P. 9 and F.R.C.P. 12(b)(6), alleging that plaintiff has failed to plead claims with particularity and that plaintiff's state law claims are pre-empted by federal law because Teva complied with federal law. Plaintiff cannot plead her fraud claims with more specificity until Teva responds to plaintiff's discovery requests, and whether Teva complied with federal law is a question of fact that requires discovery.

　　Plaintiff is unable to respond to defendant's Motion to Dismiss without Teva's response to plaintiff's outstanding discovery requests. Plaintiff's discovery will allow plaintiff to plead with more specificity and address the issue of whether Teva fully complied with federal law. Defendant's motion to stay discovery merely serves to delay or prolong discovery unnecessarily, and therefore the motion should not be granted.

## FACTS

1. Plaintiff's complaint (Exhibit "A") sets forth claims for negligence, common law fraud and misrepresentation, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, and punitive damages.

2. Plaintiff has served defendant Teva with the following discovery in this case:

   a. Rule 34 Interrogatories and Request for Production (April 1, 2008) (Exhibit "B"); and

   b. Rule 36 Request to Admit ( March 5, 2008 ) (Exhibit "C").

3. On May 2, 2008, after plaintiff's discovery was served, Teva filed a motion to dismiss. (Exhibit "D").

4. On May 5, 2008, five days after Teva's response to plaintiff's Interrogatories and Request for Production was due, Teva filed a motion to stay discovery before Magistrate Jeffrey Cole. (Exhibit "E"), as well as Objections to Plaintiff's Interrogatories and Request for Production. (Exhibit "F").

5. Teva agreed in its Rule 26(a)(1)(A) pleading to produce evidence that Teva complied with federal law. (Exhibit "G"). Plaintiff's counsel sent e-mails to Teva's counsel requesting the evidence, but Teva refuses to produce any evidence contrary to its offer in its Rule 26(a)(1)(A) pleading.

## ARGUMENT

Motions to stay discovery are particularly disfavored when they would "essentially delay or prolong discovery, thereby causing management problems which would impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."

2

*Cohn v. Taco Bell Corp.,* 147 F.R.D. 154, 162 (N.D. Ill. 1993). Teva's motion to dismiss under F.R.C.P. 12(b)(6) asks the Court to assume that Teva has complied with the FDA's requirements with respect to the labeling of Teva's Minocycline product. Teva so states in its brief, but no evidence of compliance is presented either with that brief or in Teva's 26(a) response. (III A 3, page 12 of Teva's motion to dismiss). (Exhibit "D"). However,

> [a] Rule 12(b)(6) motion to dismiss for failure to state a claim is granted only where it is beyond doubt that the plaintiff is unable to prove any set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must take all well pleaded facts and allegations as true and must view them in the light most favorable to the plaintiff. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). Furthermore, plaintiff is entitled to all reasonable inferences that may be drawn from the complaint.

*Sumpter v. Mack Chicago Corp.* 918 F.Supp. 256, 259 (N.D. Ill. 1996). Under this standard, defendant's motion to dismiss is unlikely to succeed, and when the success of a motion to dismiss is speculative, delaying discovery is unjustified. *Cohn,* 147 F.R.D. at 162.

In addition, Teva's motion to dismiss alleges plaintiff has failed to plead sufficient facts to sustain claims for fraud and misrepresentation as well as violations of the Illinois Consumer Fraud Act. Facts relevant to these pleadings are the subject of plaintiff's discovery requests to Teva. "Discovery should not ordinarily be stayed where the dispositive motion requires factual elaboration." *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 331, 338 (N.D. Ill. 2005). Dismissal for failure to plead fraud with specificity is improper where discovery would disclose facts which are particularly within the defendant's knowledge. See *Barr v. Hardiman,* 583 F. Supp. 1, 6 (N.D. Ill. 1982) (plaintiff should be given opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover identity or that

3

complaint would be dismissed on other grounds) and *Eaby v. Richmond*, 561 F. Supp. 131, 137 (E.D. Pa. 1983).

Plaintiff is unable to respond to the motion to dismiss without basic discovery that has been served on defendant Teva, and therefore a stay of that discovery will hinder the efficient resolution of the present case.

**WHEREFORE** plaintiff respectfully requests that this Honorable Court deny defendant Teva's Motion to Stay Discovery.

Respectfully submitted,

By:  s/ Michael P. Cascino<br>
One of Plaintiff's Attorneys

Michael P. Cascino  
Vaughan Cascino Law Offices, Ltd.  
220 South Ashland Ave.  
Chicago, IL 60607  
(312) 944-0600  
(312) 944-1870 (fax)

## Certificate of Service

I hereby certify that on May 29, 2008, I electronically filed the foregoing with the Clerk of the U.S. District Court of the Northern District of Illinois using the CM/ECF system which sent notification of such filing to the following:

Ameri Rose Giannotti
agiannotti@eimerstahl.com,jlipinski@eimerstahl.com,fharvey@eimerstahl.com

Pamela Reasor Hanebutt
phanebutt@eimerstahl.com,erogers@eimerstahl.com,ssemens@eimerstahl.com

and I mailed copies by regular mail, postage prepaid to:

Glenn S. Kerner
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

s/ Michael P. Cascino