## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| MELANIE STACEL, | ) |
| Plaintiff, | ) Case No. 08-CV-1143 |
| v. | ) Judge Joan B. Gottschall |
|  | ) Magistrate Judge Jeffrey Cole |
| TEVA PHARMACEUTICALS USA, INC. | ) |
| Defendant. | ) |

### DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S
### MOTION TO STAY DISCOVERY

Defendant Teva Pharmaceuticals USA, Inc. ("Teva") respectfully moves this

Court for an order staying all discovery pending resolution of Teva's Motion to Dismiss.

The undersigned counsel certifies that Teva's counsel attempted to reach Plaintiff's

counsel by telephone to seek agreement on this issue, but was unable to do so.  In support

of this motion, Teva states as follows:

### BACKGROUND

This is a products liability action for injuries allegedly suffered by Plaintiff

Melanie Stacel ("Plaintiff") as a result of the use of the prescription pharmaceutical

product minocycline hydrochloride ("minocycline").  Teva is one of several companies

that manufactures a generic form of minocycline, a tetracycline antibiotic commonly

prescribed to treat bacterial infections, including acne and other skin infections.

Plaintiff initially filed this action in Illinois state court.  In February 2008,

following dismissal of the only non-diverse defendant, Teva removed the case to the



Northern District of Illinois on the basis of diversity jurisdiction.[1]  On March 28, 2008,

Plaintiff sought leave to file her Second Amended Complaint, which was granted.  The

Second Amended Complaint names only Teva as a defendant and asserts causes of action

for negligence (Count I), common law fraud and misrepresentation (Count II), and a

violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count

III), in addition to seeking punitive damages (Count IV).

Regardless of how Plaintiff frames her causes of action, the essence of each claim

is Teva's alleged failure to warn of an increased incidence of drug-induced lupus

allegedly associated with minocycline.  Federal regulations, however, require that Teva's

generic drug minocycline have the same labeling as its reference-listed drug, Minocin®,

thus dictating the precise labeling required to appear on the product that Plaintiff

allegedly ingested.  As such, Teva cannot be held liable under state law for complying

with mandatory federal statutory and regulatory law. Teva has therefore filed a Motion to

Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) on the grounds that Plaintiff's claims are preempted by federal law.

Teva has also moved to dismiss Plaintiff's claims sounding in fraud because they have

not been plead with the requisite particularity. *See* Fed. R. Civ. P. 9(b).  Teva's Motion

to Dismiss involves purely legal issues and would dispose of all claims against Teva.

Plaintiff has already served Teva with various forms of discovery, which require a

response in the near future.  Plaintiff propounded Interrogatories and Requests for

Production to Teva that require a response by May 5, 2008.  Plaintiff also propounded

Requests for Admission that require a response by May 16, 2008.  As neither the pending

---

[1] In an Order dated April 2, 2008, this case was referred to this Court "for the purpose of holding proceedings related to discovery supervision."

discovery, nor any other discovery that might be propounded by Plaintiff, is pertinent to

resolution of the pending Motion to Dismiss and said Motion would dispose of all claims

against Teva, Teva requests that the Court stay all discovery (including that already

served) so that Teva need not incur the unnecessary burden and expense of responding.

## ARGUMENT

The Court has broad discretion in matters relating to discovery. *Patterson v.*

*Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). This includes the "broad

discretion and inherent power to stay discovery until the preliminary questions that may

dispose of the case are determined." *Orlando Residence, Ltd. v. GP Credit Co., LLC*, No.

04-C-439, 2006 WL 2849866, at *7 (E.D. Wis. 2006) (citing *Gettings v. Building*

*Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003)).[2] *See also*

Fed. R. Civ. P. 26(c) (discovery may be stayed "for good cause shown"). Where

discovery is not necessary to resolve the purely legal issues raised in a motion to dismiss,

courts grant stays of discovery "with substantial frequency" and "numerous cases in this

circuit have allowed stays in the face of a Rule 12(b)(6) challenge." *In re Sulfuric Acid*

*Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (collecting cases).[3] *See also, e.g.,*

*Cataldo v. City of Chicago,* No. 01C6665, 2002 WL 91903, at *2 (N.D. Ill. Jan. 24, 2002)

---

[2] Copies of unpublished opinions may be found in Teva's Appendix of Unreported Authority, submitted with this Motion.
[3] Numerous courts in other jurisdictions also routinely stay discovery in these circumstances. *See, e.g., Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas*, 421 F.3d 314, 327 (5th Cir. 2005) (discovery properly stayed pending a summary judgment motion based on "purely legal questions"); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (discovery properly stayed pending hearing on motion to dismiss where Rule 12(b) motion did not raise factual issues that required discovery for their resolution); *Transunion Corp. v. PepsiCo., Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (protective order properly granted to prevent further discovery prior to decision on motion to dismiss); *Institut Pasteur v. Chiron*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." (citation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (good cause to stay discovery

(granting stay of discovery because requiring defendant to locate, copy and redact

documents when the case could be dismissed would not be an efficient use of its

resources); *Cooper v. Harris,* Nos. 98 C 1623, 1624, 1999 WL 261742, at \*3 (N.D. Ill.

Apr. 13, 1999) (stay of discovery imposed pending resolution of 12(b)(6) motion).

Requiring Teva to respond to discovery at this stage would serve no proper

purpose and would cause it to incur unnecessary expenses at this stage of the litigation.

Discovery is time-consuming and costly, and it is not justified where "the sole result . . .

would be cost and inconvenience." *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill.

1993). Discovery at the present time in this dispute would lead to nothing other than cost

and inconvenience to Teva. Teva's Motion to Dismiss Plaintiff's Second Amended

Complaint is based on pure legal issues regarding federal preemption of Plaintiff's claims

and Plaintiff's failure to plead her fraud claims with the requisite particularity. Plaintiff

can learn nothing through discovery that bears on resolution of this motion. Yet Teva

would be saddled with the burden and expense of discovery that will all be an

unnecessary waste of time, effort and money should the Court grant its motion and

entirely dispose of this action. There is no reason to require Teva to bear this burden at

this stage. *See Martinez v. Wells Fargo Bank, N.A.*, No. C-06-03327, 2007 WL 2019591,

at \*2 (N.D. Cal. July 10, 2007) (finding discovery not warranted for the purpose of

opposing defendant's motion to dismiss based on preemption). Avoidance of this

unnecessary burden until resolution of a motion that could dispose of the case in its

entirety constitutes good cause for granting a stay. *See, e.g., Orlando Residence*, 2006

---

exists where "resolution of a preliminary motion may dispose of the entire action" (citation
omitted)), *aff'd*, 87 Fed. Appx. 713 (11th Cir. 2003); *Gandler v. Nazarov*, No. 94-CV-2272
(CSH), 1994 WL 702004, at \*4 (S.D.N.Y. Dec. 14, 1994) ("It is well-settled that a district court
has discretion to halt discovery pending its decision on a motion to dismiss.").

WL 2849866, at *7 (stay of discovery pending decision on summary judgment motion is appropriate to avoid discovery and associated costs where motion involves purely legal determinations); *Sprague*, 149 F.R.D. at 578 (staying discovery due to pending motion to dismiss that could dispose of case entirely where the sole result of discovery would be cost and inconvenience and an undue burden on the defendant's time and resources).

## CONCLUSION

For the foregoing reasons, Teva respectfully requests that the Court stay all discovery until a ruling has issued on Teva's Motion to Dismiss.

Dated:  May 5, 2008                    TEVA PHARMACEUTICALS USA, INC.


                                        _____/s/ Ameri R. Giannotti_____
                                            One of Its Attorneys

Glenn S. Kerner
Joanne Gray
Yuliya Gertsberg
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800 (Telephone)
(212) 355-3333 (Facsimile)
gkerner@goodwinprocter.com
jgray@goodwinprocter.com
ygertsberg@goodwinprocter.com

Pamela R. Hanebutt
Ameri R. Giannotti
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Avenue
Suite 1100
Chicago, IL  60604
(312) 660-7600 (Telephone)
(312) 692-1718 (Facsimile)
phanebutt@eimerstahl.com
agiannotti@eimerstahl.com

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

## CERTIFICATE OF SERVICE

     Ameri R. Giannotti, an attorney, certifies that on May 5, 2008 she electronically filed the foregoing NOTICE OF MOTION and DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S MOTION TO STAY DISCOVERY using the ECF system which will automatically send e-mail documentation of such filing to the parties listed below.

s/ Ameri R. Giannotti<br>
Ameri R. Giannotti

Michael P. Cascino
Vaughan Cascino Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
mcascino@cvlo.com

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| MELANIE STACEL, ) | Case No. 08-CV-1143 |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| v. ) | Magistrate Judge Jeffrey Cole |
| ) | |
| TEVA PHARMACEUTICALS USA, INC. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S
## OBJECTIONS TO PLAINTIFF'S INTERROGATORIES
## AND REQUEST FOR PRODUCTION

Defendant Teva Pharmaceuticals USA, Inc. ("Teva"), by and through its counsel, Eimer

Stahl Klevorn & Solberg LLP and Goodwin Procter LLP, hereby submits its Objections to

Plaintiff's Interrogatories and Request for Production.

On May 2, 2008, Teva filed a Motion to Dismiss Plaintiff's Second Complaint. On May

5, 2008, Teva filed a Motion to Stay Discovery until the resolution of Teva's Motion to Dismiss.

Pending the Court's ruling on Teva's Motion to Stay Discovery, Teva will not serve its responses

to Plaintiff's April 1, 2008 Interrogatories and Request for Production. However, Teva hereby

serves its Objections to Plaintiff's Interrogatories and Request for Production, in order to

preserve same.

## GENERAL OBJECTIONS TO PLAINTIFF'S
## INTERROGATORIES AND DOCUMENT REQUEST

A.      Teva objects to each Interrogatory and Request for Production to the extent that it

requests the disclosure of information or the production of documents which are vexatious and



EXHIBIT
F

unduly burdensome to obtain, or unjustifiably and unreasonably requires that Teva do Plaintiff's work. ["Objection on the grounds of undue burden"]

B.    Teva objects to each Interrogatory and Request for Production to the extent that it requests the disclosure of information or the production of documents which have previously been provided by Teva or others to Plaintiff or which are otherwise in the public domain. Such documents or information are equally available to Plaintiff as they are to Teva. Accordingly, to respond to said Interrogatory or Request for Production would impose an unnecessary and undue burden and expense on Teva. ["Objection on the grounds of documents or information within Plaintiff's possession"]

C.    Teva objects to each Interrogatory and Request for Production to the extent that it seeks the disclosure of information or the production of documents which are beyond the permissible scope of Fed. R. Civ. P. 34, in that such information or documents are irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. ["Objection on the grounds of relevance"]

D.    Teva objects to each Interrogatory and Request for Production to the extent that it seeks the disclosure of information or the production of documents which are protected by the attorney-client privilege, the work product privilege, or which are material prepared in anticipation of litigation within the meaning of Fed. R. Civ. P., upon the grounds that privileged matter is exempt from discovery and trial preparation material may be discoverable only upon satisfaction of the prerequisites delineated in Fed. R. Civ. P. 26(b)(3), which prerequisites have not been satisfied. Teva hereby asserts these privileges to their fullest extent and no statement or answer herein shall constitute a waiver thereof. Any information or documents subject to any such privilege that are inadvertently produced or disclosed by Teva shall not constitute or be

2

deemed a waiver of such privilege or protection, and Teva reserves its rights to demand the return of any inadvertently produced information or documents. ["Objection on the grounds of privilege"]

E.    Teva objects to each Interrogatory and Request for Production insofar as it requests that Teva respond on behalf of any entity or person other than Teva, or any entity or person over which Teva has no control and to the extent that it seeks information or documents from or with respect to entities or persons including Teva, which information or documents are not within the possession, custody or control of Teva. Teva objects in particular to any Interrogatory and Request for Production insofar as it seeks a response from Teva on behalf of Teva Ltd. ["Objection of the grounds of control"]

F.    Teva objects to each Interrogatory and Request for Production to the extent that it seeks the disclosure of information or the production of documents which relate to any time period beyond the scope of the Second Amended Complaint in the instant action, as documents or information concerning any earlier or later time period would be vexatious and burdensome to obtain, irrelevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence. ["Objection on the grounds of time period"]

G.    Teva objects to each Interrogatory and Request for Production to the extent that it is vague, ambiguous, overbroad or otherwise lacks sufficient precision or particularity to permit formulation of a proper response. ["Objection on the grounds of vagueness"]

H.    Teva objects to each Interrogatory and Request for Production to the extent that it seeks the disclosure of information or the production of documents containing 1) confidential, private or personal information relating to Teva's employees that is protected under contractual, constitutional, statutory and/or common law rights of confidentiality or privacy; or 2) identifying

3

or other protected information that may not be disclosed under the provisions of 21 C.F.R. §

20.63. ["Objection on the grounds of confidential information"]

     I.     Teva objects to each Interrogatory and Request for Production to the extent that it

seeks the disclosure at the present time of the identity of experts or other persons whom Teva has

retained as medical or scientific consultants in connection with this litigation, whether for

testimonial or advisory purposes, or of the substance of such persons' opinions and/or work

product or work-in-progress including ongoing research, including but not limited to draft

protocols, lab notes, preliminary analyses and preliminary drafts of reports, as such disclosure at

this time is premature and/or outside of the scope of information which is discoverable under

Fed. R. Civ. P. 26, is not mandated by applicable law, and further is unduly burdensome to Teva

and its expert witnesses, and is neither relevant nor calculated to lead to the discovery of

admissible evidence. ["Objection on the grounds of expert disclosure"]

     J.     Teva objects to each Interrogatory and Request for Production to the extent that

such Interrogatory or Request for Production is premature at this stage in the litigation.

["Objection on the grounds of premature inquiry"]

## SPECIFIC OBJECTIONS TO PLAINTIFF'S
## INTERROGATORIES AND DOCUMENT REQUEST

### INTERROGATORY NO. 1 AND RELATED REQUEST FOR PRODUCTION:

Identify all documents sent to the Food and Drug Administration ("FDA") by this
defendant concerning the drug minocycline during the time period of 1992 to present.

### OBJECTION NO. 1:

     Objection. Teva objects to this Interrogatory and Request and asserts General Objections

A, C, F, G, and H, *i.e.* objections on the grounds of undue burden, relevance, time period,

vagueness, and confidential information.

4

## INTERROGATORY NO. 2 AND RELATED REQUEST FOR PRODUCTION:

Identify all documents intended by this defendant to be attached to prescription bottles of the drug Minocycline sold by this defendant for the time period of 1992 to present.

## OBJECTION NO. 2:

Objection. Teva objects to this Interrogatory and Request and asserts General Objections

F and G, *i.e.* objections on the grounds of time period and vagueness.

## INTERROGATORY NO. 3 AND RELATED REQUEST FOR PRODUCTION:

Identify all documents sent by this defendant to physicians and pharmacies concerning the drug minocycline for the time period 1992 to present.

## OBJECTION NO. 3:

Objection. Teva objects to this Interrogatory and Request and asserts General Objections

A, C, E, F, G, and H, *i.e.*, objections on the grounds of undue burden, relevance, control, time

period, vagueness, and confidential information.

## INTERROGATORY NO. 4 AND RELATED REQUEST FOR PRODUCTION:

Identify all reports of which this defendant is aware that were made to the FDA indicating that the drug minocycline has been reported to cause drug induced lupus.

## OBJECTION NO. 4:

Objection. Teva objects to this Interrogatory and Request and asserts General Objections

E, F, and G, *i.e.*, objections on the grounds of control, time period, and vagueness.

## INTERROGATORY NO. 5 AND RELATED REQUEST FOR PRODUCTION:

Identify all documents and information in this defendant's control and possession indicating that the drug minocycline was reported to cause any lupus-like conditions.

## OBJECTION NO. 5:

Objection. Teva objects to this Interrogatory and Request and asserts General Objections

F and G, *i.e.*, objections on the grounds of time period and vagueness.

LIBNY/4721375.1

**INTERROGATORY NO. 6 AND RELATED REQUEST FOR PRODUCTION:**

Identify all documents in which this defendant ever requested to the FDA that the labeling
of the drug Minocycline be changed to reflect reported cases of lupus.

**OBJECTION NO. 6:**

Objection.  Teva objects to this Interrogatory and Request and asserts General Objection

F, *i.e.* objection on the grounds of time period.

**INTERROGATORY NO. 7 AND RELATED REQUEST FOR PRODUCTION:**

Identify all documents given to Plaintiff's physicians, namely Dr. Steven W. Neubauer
and Dr Saba Ahmed during the time period of 1992 through 2005.

**OBJECTION NO. 7:**

Objection.  Teva objects to this Interrogatory and Request and asserts General Objections

A, B, C, E, F, G, and H, *i.e.*, objections on the grounds of undue burden, information within

Plaintiff's possession, relevance, control, time period, vagueness, and confidential information.

**INTERROGATORY NO. 8 AND RELATED REQUEST FOR PRODUCTION:**

Identify all documents given to the Walgreens pharmacy concerning the drug during the
period of 1992 through 2005.

**OBJECTION NO. 8:**

Objection.  Teva objects to this Interrogatory and Request and asserts General Objections

A, B, C, E, F, G, and H, *i.e.*, objections on the grounds of undue burden, information within

Plaintiff's possession, relevance, control, time period, vagueness, and confidential information.

**INTERROGATORY NO. 9 AND RELATED REQUEST FOR PRODUCTION:**

Identify all sales promotions and advertisements related to the drug minocycline [sic] by the
defendant to physicians and pharmacies during the time period of 1992 through 2005.

**OBJECTION NO. 9:**

Objection.  Teva objects to this Interrogatory and Request and asserts General Objections

A, C, and F, *i.e.*, objections on the grounds of undue burden, relevance, and time period.

6

**INTERROGATORY NO. 10 AND RELATED REQUEST FOR PRODUCTION:**

Identify the sales representative(s) of this defendant for Dr. Steven W. Neubauer, Dr. Saba Ahmed and Walgreens Pharmacies in Illinois for the time period of 1992 through 2005.

**OBJECTION NO. 10:**

Objection. Teva objects to this Interrogatory and Request and asserts General Objections

A, C, F, G, and H, *i.e.*, objections on the grounds of undue burden, relevance, time period,

vagueness, and confidential information.

**INTERROGATORY NO. 11 AND RELATED REQUEST FOR PRODUCTION:**

Identify all documents received from the FDA by this defendant concerning the drug minocycline during the time period of 1992 through 2005.

**OBJECTION NO. 11:**

Objection. Teva objects to this Interrogatory and Request and asserts General Objections

A, C, F, G, and H, *i.e.* objections on the grounds of undue burden, relevance, time period,

vagueness, and confidential information.

**INTERROGATORY NO. 12 AND RELATED REQUEST FOR PRODUCTION:**

Identify all procedures taken by this defendant to inform users, the public, physicians and the FDA of any facts concerning the drug minocycline and lupus associated with use of the drug.

**OBJECTION NO. 12:**

Objection. Teva objects to this Interrogatory and Request and asserts General Objections

A, C, F, G, and H, *i.e.* objections on the grounds of undue burden, relevance, time period,

vagueness, and confidential information.

**INTERROGATORY NO. 13 AND RELATED REQUEST FOR PRODUCTION:**

Identify all investigations by this defendant into the side effects of the drug.

LIBNY/4721375.1

**OBJECTION NO. 13:**

Objection. Teva objects to this Interrogatory and Request and asserts General Objections

F and G, *i.e.*, objections on the grounds of time period and vagueness.

**INTERROGATORY NO. 14 AND RELATED REQUEST FOR PRODUCTION:**

Identify all drug approval letters between this defendant and the FDA concerning the drug
Minocycline for the time period of 1992 to 2005.

**OBJECTION NO. 14:**

Objection. Teva objects to this Interrogatory and Request and asserts General Objections

C, F, and G, *i.e.*, objections on the grounds of relevance, time period, and vagueness.

**INTERROGATORY NO. 15 AND RELATED REQUEST FOR PRODUCTION:**

Identify all persons of this defendant who made visits to Dr. Steven W. Neubauer and
Dr Saba Ahmed.

**OBJECTION NO. 15:**

Objection. Teva objects to this Interrogatory and Request and asserts General Objections

A, C, F, G, and H, *i.e.*, objections on the grounds of undue burden, relevance, time period,

vagueness, and confidential information.

**INTERROGATORY NO. 16 AND RELATED REQUEST FOR PRODUCTION:**

Identify all claims filed against defendant with allegations concerning drug induced lupus.

**OBJECTION NO. 16:**

Objection. Teva objects to this Interrogatory and Request and asserts General Objections

A, C, D, F, G, and H, *i.e.*, objections on the grounds of undue burden, relevance, privilege, time

period, vagueness, and confidential information.

**INTERROGATORY NO. 17 AND RELATED REQUEST FOR PRODUCTION:**

Identify all publications and literature provided by defendant in which advertisements for
the drug were made during the period of 1992 through 2005.

8

**OBJECTION NO. 17:**

Objection.  Teva objects to this Interrogatory and Request and asserts General Objections

A, B, C, F, and G, *i.e.* objections on the grounds of undue burden, information within Plaintiff's

possession, relevance, time period, and vagueness.

**INTERROGATORY NO. 18 AND RELATED REQUEST FOR PRODUCTION:**

Identify all persons to be named as corporate representative(s) with knowledge about the
subject matter of each of the interrogatories.

**OBJECTION NO. 18:**

Objection.  Teva objects to this Interrogatory and Request and asserts General Objections

A, B, C, F, and G, *i.e.* objections on the grounds of undue burden, relevance, time period, and

vagueness.

Dated: May 5, 2008

Pamela R. Hanebutt
(phanebutt@eimerstahl.com)
Ameri Giannotti
(agiannotti@eimerstahl.com)
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Avenue, Suite 1100
Chicago, IL  60604
(312) 660-7600 (Telephone)
(312) 692-1718 (Facsimile)

*Of Counsel:*
Glenn S. Kerner
(gkerner@goodwinprocter.com)
Yuliya Gertsberg
(ygertsberg@goodwinprocter.com)
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
(212) 813-8800
(212) 308-6661

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

## CERTIFICATE OF SERVICE

Ameri R. Giannotti, an attorney, certifies that on May 5, 2008 she caused a true and correct copy of the attached DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION to be served upon the parties below by U.S. mail.

Ameri R. Giannotti

Michael P. Cascino
Vaughan Cascino Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
mcascino@cvlo.com

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MELANIE STACEL, | ) | |
| | ) | Case No. 08-CV-1143 |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gottschall |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**INITIAL DISCLOSURES OF DEFENDANT**
**TEVA PHARMACEUTICALS USA, INC.**

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant Teva

Pharmaceuticals USA, Inc. ("Teva") provides the following Initial Disclosures to Plaintiff

Melanie Stacel ("Plaintiff") based upon information that is reasonably available to Teva at this

time and as a result of investigations made to date.

(i)    **Persons Likely to Have Discoverable Information that Teva May Use to**
       **Support Its Claims or Defenses**

1.    **Name:**       Melanie Stacel
                      32 Clairmont Street
                      Joliet, IL 60433
      **Subject:**    All aspects of Plaintiff's claims

2.    **Name:**       Members of Melanie Stacel's immediate family
                      (names and addresses to be determined)
      **Subject:**    All aspects of Plaintiff's claims

3.    **Name:**       Dr. Bessie Metrou
                      Lincolnway Medical Associates
                      250 E. Maple Street
                      New Lenox, IL 60451
                      (815) 485-0760
      **Subject:**    All aspects of Plaintiff's medical treatment



EXHIBIT
G

4.    **Name:**        Dr. Steven Neubauer
                       Dermatology Limited
                       2400 Glenwood Avenue, Suite 126
                       Joliet, IL 60435
                       (815) 741-4343
      **Subject:**     All aspects of Plaintiff's medical treatment

5.    **Name:**        Dr. Saba Ahmed
                       Prairie Rheumatology Associates
                       903 129th Infantry Drive, Suite 600
                       Joliet, IL 60435
                       (815) 744-7246
      **Subject:**     All aspects of Plaintiff's medical treatment

6.    **Name:**        Other treating physicians of Plaintiff
                       (names and addresses to be determined)
      **Subject:**     All aspects of Plaintiff's medical treatment

7.    **Name:**        Deborah A. Jaskot, Vice President,
                       Regulatory Affairs Department of Teva
      **Subject:**     Teva's regulatory rights and obligations with respect
                       to pharmaceutical product approvals, labeling, and related
                       issues

8.    **Name:**        Dennis Miley, M.D., Director,
                       Pharmacovigilance Department of Teva Neuroscience, Inc.
      **Subject:**     Teva's procedures for collecting, reviewing, and reporting
                       to the U.S. Food and Drug Administration ("FDA")
                       information relating to adverse event experiences
                       associated with the use of its pharmaceutical products

Teva reserves the right to supplement this response with the names of additional

witnesses, of whose identity it may become aware in the course of discovery in this action, or, in

the case of company witnesses, the relevance of whose knowledge and experience may become

apparent at a later date, as a result of such discovery or other pretrial proceedings.

(ii)    **Documents in Teva's Possession, Custody, or Control that Teva May Use to Support its Claims or Defenses**

1.    Teva's Abbreviated New Drug Application ("ANDA") for minocycline
      hydrochloride, together with supplements, amendments, and annual
      reports thereto, related labeling, and correspondence with the FDA.

2

2.   Teva's adverse event reporting files relating to its minocycline hydrochloride ANDA and relevant to the claims and defenses in this case.

3.   Medical, pharmacy, academic, employment and tax records relating to Plaintiff, as produced to Teva in discovery herein.

4.   All other documents produced by Plaintiff in discovery herein.

Teva deems the above documents to be proprietary and confidential. Teva will produce the relevant documents at a mutually agreeable time and place, subject to the entry of an appropriate confidentiality order. Teva reserves the right to supplement this response, as and to the extent that it becomes aware of additional documents and/or categories of documents in its possession custody or control, upon which it seeks to rely, as the result of the development through discovery of Plaintiff's theories of the case, and of Teva's grounds for defending against Plaintiff's claims.

**(iii)    Computation of Any Category of Damages Claimed by Teva**

Teva has no such computations.

**(iv)    Teva's Applicable Insurance Agreements**

Coverage for the instant claims against Teva is provided under the following primary insurance policy:

Company:  Gerling General Insurance Company

Policy No.:  901/LK0708226

Policy Period:  June 1, 2007 – May 31, 2008

Self-insured retention and limits of coverage – The identified insurance policy provides coverage in an amount ample to satisfy any verdict or judgment that might reasonably be anticipated in this matter.

LIBNY/4714525.1

Teva deems the above information to be proprietary and confidential. Teva will produce the relevant insurance policy at a mutually agreeable time and place, subject to the entry of an appropriate confidentiality order.

In providing these initial disclosures, Teva does not waive any objections, defenses, or applicable privileges.

Dated: 4/10/08

Respectfully submitted,

Pamela R Hanebutt

Pamela R. Hanebutt
(phanebutt@eimerstahl.com)
Ameri Giannotti
(agiannotti@eimerstahl.com)
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Avenue, Suite 1100
Chicago, IL 60604
(312) 660-7600 (Telephone)
(312) 692-1718 (Facsimile)

*Of Counsel:*
Glenn S. Kerner
(gkerner@goodwinprocter.com)
Yuliya Gertsberg
(ygertsberg@goodwinprocter.com)
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800
(212) 308-6661

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

LIBNY/4714525.1

## CERTIFICATE OF SERVICE

I, Pamela R. Hanebutt, an attorney, hereby certify I caused a true and correct copy of the foregoing INITIAL DISCLOSURES OF DEFENDANT TEVA PHARMACEUTICALS USA, INC. to be served upon all parties listed below via e-mail and United States Mail, first class postage prepaid, on this 10th day of April, 2008.

        Michael P. Cascino
        Vaughan Cascino Law Offices, Ltd.
        220 South Ashland Avenue
        Chicago, Illinois 60607
        Fax: (312) 944-1870

                *Pamela R Hanebutt*
                Pamela R. Hanebutt