**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MELANIE STACEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TEVA PHARMACEUTICALS USA, INC. | ) |
| | ) |
| Defendant. | ) |

Case No. 08-CV-1143

Judge Joan B. Gottschall
Magistrate Judge Jeffrey Cole

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S
MOTION TO STAY DISCOVERY**

Defendant Teva Pharmaceuticals USA, Inc. ("Teva") respectfully submits this Reply Memorandum of Law in Further Support of Teva's Motion to Stay Discovery pending the resolution of Teva's Motion to Dismiss.

**BACKGROUND**

On March 28, 2008, Plaintiff filed her Second Amended Complaint ("Second Amended Complaint") against Teva, asserting state law claims of negligence, common law fraud and misrepresentation, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"), and punitive damages.

Prior to the filing of her Second Amended Complaint, on March 5, 2008, Plaintiff served Teva with Requests to Admit. On April 1, 2008, Plaintiff served Teva with Interrogatories and a Request for Production.

On May 2, 2008, Teva filed a Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss") on the grounds that: (1) Plaintiff failed to plead her fraud claims with sufficient particularity, and (2) all of Plaintiff's state law claims are preempted by federal law.

On May 5, 2008, Teva filed a Motion to Stay Discovery ("Motion to Stay Discovery") pending the resolution of Teva's Motion to Dismiss.[1]

On May 5, 2008, Teva also served its objections to Plaintiff's discovery demands.[2]

On May 29, 2008, Plaintiff filed her Response to Teva's Motion to Stay ("Response to Motion to Stay" or "Pl.'s Response").

### PRELIMINARY STATEMENT

Teva's Motion to Stay Discovery in the instant action is straightforward. Teva filed a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In hopes of avoiding costly and burdensome discovery pending the resolution of a motion that could dispose of all claims against Teva and make any discovery unnecessary, Teva filed a Motion to Stay Discovery. In support of its Motion to Stay Discovery, Teva highlighted that "[n]umerous cases in this circuit have allowed stays in the face of a Rule 12(b)(6) challenge." *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 331, 336 (N.D. Ill. 2005).

Although Teva's Rule 12(b)(6) Motion to Dismiss "by definition excludes considerations of factual matters outside the complaint," *Id.* 231 F.R.D. at 338, Plaintiff

---

[1] On May 8, 2008, the Court extended the deadline for Teva to serve substantive responses to Plaintiff's outstanding discovery demands until further order of the Court.

[2] Plaintiff suggests that Teva served its objections to Plaintiff's discovery demands five days late. (Pl.'s Response at 2.) This is incorrect. Plaintiff served her Interrogatories and Request for Production by mail on April 1, 2008. Rules 33 and 34 of the Federal Rules of Civil Procedure allow thirty days to respond to discovery demands, and Rule 6 allows an additional three days to respond where discovery demands are served by mail. Accordingly, the response date was May 4, 2008, a Sunday, so Teva's objections to Plaintiff's discovery demands were timely served on May 5, 2008.

disingenuously insists that she needs factual discovery from Teva in order to oppose Teva's Motion to Dismiss. However, Plaintiff's Response to Teva's Motion to Stay Discovery fails to set forth any legitimate explanation for why any factual discovery is necessary. On the contrary, no factual inquiry is required for Plaintiff to oppose, or for the Court to rule on, Teva's argument for dismissal of Plaintiff's state law claims under the doctrine of federal preemption – this is a purely legal issue involving the interplay of federal law and federal regulations with state law claims. Similarly, Teva's contention that Plaintiff's fraud claims should be dismissed because they have not been plead with requisite particularity does not necessitate looking at any facts or evidence outside of Plaintiff's pleadings to date.[3]

Accordingly, Plaintiff's Response sets forth no reason that can justify saddling Teva with the burden and expense of conducting discovery that is not relevant or necessary to the resolution of the pending Motion to Dismiss, and that would result in a waste of Teva's time, effort, and resources should the Court grant Teva's Motion to Dismiss.

## **ARGUMENT**

### 1. **Factual Discovery Is Not Necessary to Oppose or Resolve Teva's Motion to Dismiss Plaintiff's State Law Claims on Grounds of Federal Preemption**

No factual discovery is necessary for Plaintiff to oppose Teva's Motion to Dismiss the Second Amended Complaint on federal preemption grounds, nor for the Court to rule on the federal preemption issue.

Teva, in its Motion to Dismiss, seeks to dismiss all of Plaintiff's claims on the grounds that these state law claims impermissibly conflict with federal law, and stand as an obstacle to implementation of Congressional objectives concerning the labeling of generic products. It is

---

[3] It is worth noting that Plaintiff has *twice* amended her Complaint, neither time taking the opportunity to supplement her fraud allegations with specific details, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

plain that, by its very definition, the issue is a purely legal one, involving the interaction of federal statutes and regulations with state law.

Plaintiff argues that she is unable to respond to Teva's federal preemption argument without discovery because "whether Teva complied with federal law is a question of fact that requires discovery." (Pl.'s Response at 1.) Plaintiff suggests further that Teva's Motion to Dismiss "asks the Court to assume that Teva has complied with the FDA's requirements with respect to the labeling of Teva's Minocycline product" while presenting no evidence of compliance. (Pl.'s Response at 3.) Plaintiff misses the point of Teva's Motion to Dismiss, which asserts that Plaintiff's claims are preempted as a matter of federal law, regardless of the facts Plaintiff alleges. As is discussed in detail in the Motion to Dismiss, the manufacture and sale of generic prescription drugs is a highly regulated industry under the jurisdiction of FDA. Because Plaintiff's state law claims concerning the warnings she alleges should have been provided are in conflict with various federal statutory provisions and regulations governing FDA's approval of Teva's Minocycline product and its labeling, these state claims are preempted as a matter of law. No amount of discovery will change this result.

Nowhere in her Response does Plaintiff explain how the discovery she seeks would be relevant to her opposition to Teva's purely legal argument that compliance with federal law under the circumstances of this case preempts state law liability. Rather, Plaintiff untenably insists that she needs general discovery of Teva. Teva respectfully submits that crediting Plaintiff's contention would effectively read Rule 12(b)(6) out of the Federal Rules of Civil Procedure, a proposition for which Plaintiff neither can, nor does, offer any authority. Put briefly, Plaintiff has all the information necessary to address Teva's Motion to Dismiss Plaintiff's state law claims on federal preemption grounds.

Plaintiff also posits that discovery should go forward because Teva's Motion to Dismiss is unlikely to succeed. (Pl.'s Response at 3.) However, Plaintiff sets forth absolutely no support for this statement, other than pointing to the legal standard for a Rule 12(b)(6) motion.

Accordingly, Plaintiff articulates no legitimate reason for why factual discovery is necessary for her to oppose Teva's Motion to Dismiss her state law claims on grounds of federal preemption, or for this Court to rule on this issue.

**2.    Similarly, Factual Discovery Is Not Necessary to Oppose or Resolve Teva's Motion to Dismiss Plaintiff's Fraud Claims for Failure to Plead with Sufficient Particularity**

Plaintiff should not be permitted to conduct extensive factual discovery of Teva in search of potential evidence to support her vague and conclusory allegations of common law fraud and misrepresentation, and violations of the Illinois Consumer Fraud Act.

In seeking to dismiss Plaintiff's claims sounding in fraud, Teva argues that Plaintiff's Second Amended Complaint fails to allege these claims with sufficient particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Court, in determining whether Plaintiff has alleged her fraud claims with the requisite particularity, will need to consider only Plaintiff's pleadings in which such claims are alleged. As such, no factual discovery is relevant to the question of whether Plaintiff's fraud claims satisfy the stringent Rule 9(b) requirements.

Plaintiff, in opposing the stay of discovery, insists that she "cannot plead her fraud claims with more specificity until Teva responds to plaintiff's discovery requests." (Pl.'s Response at 1.) However, Plaintiff cannot circumvent her Rule 9(b) requirements of pleading fraud *with particularity* by seeking to troll through Teva's records and documents in hopes of stumbling upon some shred of evidence supporting her fraud claims. Such evidence must be present to start. This Circuit strictly enforces the heightened requirement for pleading fraud claims:

> Rule 9(b)'s particularity requirement serves an important purpose. Accusations of fraud can seriously harm a business. . . . Rule 9(b) ensures that a plaintiff have some basis for his accusations of fraud before making those accusations and thus discourages people from including such accusations in complaints simply to gain leverage for settlement or for other ulterior purposes.

*Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992).[4]

Plaintiff argues further that discovery should not be stayed because facts relevant to her fraud claims "are particularly within the defendant's knowledge." (Pl.'s Response at 3.) However, Plaintiff does not identify any specific facts, or even an area of inquiry, relevant to her fraud claims that she alleges are solely within Teva's knowledge. Rather, Plaintiff again insists that she needs general discovery of Teva, apparently in the hope of uncovering something to support her long list of boilerplate and unfounded fraud accusations.[5] Plaintiff's argument is further flawed because certain facts relevant to her alleged fraud claims are unquestionably within her control. For example, Plaintiff alleges that Teva made false statements and misrepresentations to Plaintiff and her physicians, and in the labels for Teva's Minocycline product, and that she subsequently relied on these false statements and misrepresentations when deciding to take the Minocycline product. (Second Amended Complaint ¶¶ 25, 26, 28). Clearly, Plaintiff is chargeable with knowing and pleading the specifics of such alleged false statements and misrepresentations, but her Response fails even to identify the allegedly false statements,

---

[4] Case law cited in Plaintiff's Response does not support her contention that factual discovery is warranted in the instant case. For example, in citing *In Re Sulfuric Acid* for the proposition that "[d]iscovery should not ordinarily be stayed where the dispositive motion requires factual elaboration" (Pl. Response at 3), Plaintiff stops short of citing the rest of this sentence, which unambiguously states that factual discovery is not necessary for the resolution of a Rule 12(b)(6) motion. 231 F.R.D. at 338.

[5] Plaintiff cites one case from this Circuit to argue that discovery should go forward where relevant facts are particularly within defendant's knowledge. Notably, the plaintiff in the cited case did not seek to conduct unlimited discovery, but rather was given the opportunity to discover one particular fact – the identity of unknown defendants. *Barr v. Hardiman*, 583 F. Supp. 1, 6 (N.D. Ill. 1982).

much less attempt to justify her assertion that such information is particularly within Teva's knowledge.

In sum, Plaintiff insists on discovery from Teva in hopes of turning up *some* evidence to support her fraud claims, which currently consist of nothing more than conclusory and boilerplate allegations that do not come close to satisfying the requirements of Rule 9(b).  The Court should not countenance what is plainly nothing more than a fishing expedition.

**3.    Plaintiff Does Not Dispute That a Stay of Discovery Would Save Teva Unnecessary Costs and Inconvenience**

In her Response, Plaintiff does not address Teva's concern that conducting discovery at this stage would be time-consuming and costly and, should the Court grant Teva's Motion to Dismiss, an unnecessary waste of time and resources.  Teva respectfully submits that the imposition of such a burden on Teva in spite of the pending Motion to Dismiss is unjustified, both on its face and by Plaintiff's arguments.

**<u>CONCLUSION</u>**

For all of the reasons set forth above and in Teva's moving papers, Teva respectfully requests that the Court stay all discovery until a ruling has issued on Teva's Motion to Dismiss.

Date:  June 12, 2008

TEVA PHARMACEUTICALS USA, INC.

By:___ /s/ Ameri R. Giannotti_____
      One of Its Attorneys

Glenn S. Kerner
Joanne Gray
Yuliya Gertsberg
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800 (Telephone)
(212) 355-3333 (Facsimile)

gkerner@goodwinprocter.com
jgray@goodwinprocter.com
ygertsberg@goodwinprocter.com

Pamela R. Hanebutt
Ameri R. Giannotti
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Avenue
Suite 1100
Chicago, IL  60604
(312) 660-7600 (Telephone)
(312) 692-1718 (Facsimile)
phanebutt@eimerstahl.com
agiannotti@eimerstahl.com

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

## **CERTIFICATE OF SERVICE**

Ameri R. Giannotti, an attorney, certifies that on June 12, 2008 she electronically filed the foregoing REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S MOTION TO STAY DISCOVERY using the ECF system which will automatically send e-mail documentation of such filing to the parties listed below.

_____ s/ Ameri R. Giannotti _____
Ameri R. Giannotti

Michael P. Cascino
Vaughan Cascino Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
mcascino@cvlo.com